**<u>EXHIBIT A</u>**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of Delaware _____

In re Yellow Corporation, et al.,_____
                              Debtor

_(Complete if issued in an adversary proceeding)_

_____
                              Plaintiff
                              v.
_____
                              Defendant

Case No. 23-11069 (CTG)_____

Chapter 11_____

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: New York State Teamsters Conference Pension and Retirement Fund _____
_(Name of person to whom the subpoena is directed)_

☑ _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See Exhibit A.

| PLACE Zoom | DATE AND TIME December 8, 2025, at 4:00 p.m. (ET) |
|---|---|

The deposition will be recorded by this method:
stenographic means, audio recording, or video recording

☐ _Production_:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: December 1, 2025____

                    CLERK OF COURT

                              OR

_____              /s/ L. Katherine Good_____
_Signature of Clerk or Deputy Clerk_              _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
MFN Partners, LP, Mobile Street Holdings, LLC , who issues or requests this subpoena, are:
L. Katherine Good, 1313 N. Market Street, 6th Floor, Wilmington, DE 19801, kgood@potteranderson.com, +1(302) 984-6049

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:

on *(date)*              .

☐ I served the subpoena by delivering a copy to the named person as follows:

on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $              _____ .

   My fees are $              for travel and $              for services, for a total of $              .

          I declare under penalty of perjury that this information is true and correct.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

## **DEFINITIONS**

The following definitions of terms apply to the Topics.  Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1.      The terms "*and*" "*or*," and "*and/or*," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these Requests any information that might be deemed outside their scope by any other construction.

2.      The terms "*all*," "*any*," and "*each*" shall each be construed as encompassing any and all of these terms.

3.      The term "*Bankruptcy Code*" means title 11 of the United States Code.

4.      The term "*Central States*" means Central States, Southeast, and Southwest Areas Pension Fund.

5.      The term "*Chapter 11 Cases*" shall mean the cases under chapter 11 of the Bankruptcy Code jointly administered under Case No. 23-11069 (CTG) and styled *In re Yellow Corporation, et al.*

6.      The term "*Committee*" means the statutory committee of unsecured creditors of the Debtors, appointed in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code by the U.S. Trustee on August 16, 2023, as set forth in the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 269] and as amended by the *First Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 3430] and the *Second Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 5615], including Committee Professionals.

7.      The term "*Communication*" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).  For the avoidance of doubt, this may encompass any oral,

written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, Instant Bloomberg chat messages, social media messages (*e.g.*, Facebook), WhatsApp chat messages, GroupMe chat messages, or other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

8.     The term "***concerning***" shall mean relating to (however remotely), regarding, referring to, describing, evidencing, or constituting.

9.     The term "***Debtors***" shall mean Yellow Corporation and its affiliate debtors and debtors in possession in the Chapter 11 Cases.

10.     The term "***Groom Law Funds***" means New York States Teamsters Conference Pension and Retirement Fund, Management Labor Pension Fund Local 1730, Teamsters Local 617 Pension Fund, and Trucking Employees of North Jersey Pension Fund.

11.     The term "***including***" "***include***," or "***includes***" means including without limitation and shall not be construed to limit the scope of any definition or Request herein.

12.     The term "***Joint Plan***" means *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By the Debtors and the Official Committee of Unsecured Creditors*, filed on July 29, 2025 [Docket No. 6746] in the Chapter 11 Cases.

13.     The term "***Liquidating Trust***" means the trust contemplated to be established on the effective date in accordance with the terms of the Joint Plan and that certain Liquidating Trust Agreement substantially in the form attached as <u>Exhibit D</u> to the *Third Amended Plan Supplement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates*

*Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 8146] filed in the Chapter 11 Cases.

14.     The term "***Liquidating Trust Board***" means any group or subcommittee with the responsibility of, among other things, governing the Liquidating Trust or overseeing the activities and management of the Liquidating Trust.

15.     The term "***MEPP Claims***" means any and all claims asserted by the MEPP Settling Parties against any or all of the Debtors and/or their estates.

16.     The term "***MEPP Litigation***" means all litigation related to MEPP Claims including, without limitation, adversary proceedings and contested matters in the Chapter 11 Cases and any and all appeals therefrom.

17.     The term "***MEPP Settling Parties***" means Central States, the Groom Law Funds, and the Millbank Funds.

18.     The term "***MFN Parties***" means, collectively, MFN Partners, LP, Mobile Street Holdings, LLC, and any professional engaged by such entities.

19.     The term "***Milbank Funds***" means New England Teamsters Pension Fund, the Central Pennsylvania Teamsters Pension Fund Defined Benefit Plan, the Teamsters Local 641 Pension Fund, the Teamsters Joint Council No. 83 of Virginia Pension Fund, the International Brotherhood of Teamsters Union No. Local 710 Pension Fund, Mid-Jersey Trucking Industry & Teamsters Local 701 Pension and Annuity Fund, Freight Drivers and Helpers 557 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

20.     The term "***Person***" or "***Entity***" means any natural person or any legal entity, including but not limited to any corporation, partnership, limited liability company, joint venture,

firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.

21.    The terms "***refer,***" "***relate,***" or "***regard***" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, review, report, show, state, summarize, support or in any way pertain to the subject matter of any Request.

22.    The term "***Settlement***" means the settlements for which the Debtors seek approval under the Settlement Motion by and among the Debtors and the MEPP Settling Parties.

23.    The term "***Settlement Motion***" means the *Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* filed on November 26, 2025 [Docket No. 8296] in the Chapter 11 Cases.

24.    The terms "***You***" and "***Your***" means and refers solely to New York State Teamsters Conference Pension and Retirement Fund and its agents, accountants, advisors, attorneys, or any other individual or entity acting or purporting to act on behalf of New York State Teamsters Conference Pension and Retirement Fund.

25.    The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

26.    The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

## TOPICS FOR EXAMINATION

1.      The nature and business of the Committee including Your role and the role of any MEPP Settling Parties on the Committee.

2.      The MEPP Claims and MEPP Litigation, including any Communications among the Committee or any subset of Committee members regarding the Committee's decisions to join or not join in any objection to MEPP Claims or other MEPP Litigation.

3.      The Settlement, including the proposed Settlement by and among the Debtors and You and any Communication among the Committee on the effect of the Settlement on holders of Class 5 Claims under the Plan.

4.      The nature and operation of the Liquidating Trust Board including Your role thereon.